IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| **KURLEY ANN J.,** | * | |
| | * | |
| Plaintiff, | * | |
| | * | Civil No. TMD 20-2341 |
| v. | * | |
| | * | |
| | * | |
| **KILOLO KIJAKAZI,** | * | |
| **Acting Commissioner of Social Security,** | * | |
| | * | |
| **Defendant.**[1] | * | |
| ************ | | |

**MEMORANDUM OPINION GRANTING PLAINTIFF'S
ALTERNATIVE MOTION FOR REMAND**

Plaintiff Kurley Ann J. seeks judicial review under 42 U.S.C. §§ 405(g) and 1383(c)(3) of a final decision of the Acting Commissioner of Social Security ("Defendant" or the "Commissioner") denying her applications for disability insurance benefits ("DIB") and Supplemental Security Income ("SSI") under Titles II and XVI of the Social Security Act. Before the Court are Plaintiff's Motion for Summary Judgment and alternative motion for remand (ECF No. 16), Defendant's Motion for Summary Judgment (ECF No. 19), and Plaintiff's Response to Defendant's Motion for Summary Judgment (ECF No. 20).[2] Plaintiff contends that the administrative record does not contain substantial evidence to support the Commissioner's

---

[1] On July 9, 2021, Kilolo Kijakazi became the Acting Commissioner of Social Security. She is, therefore, substituted as Defendant in this matter. *See* 42 U.S.C. § 405(g); Fed. R. Civ. P. 25(d).

[2] The Fourth Circuit has noted that, "in social security cases, we often use summary judgment as a procedural means to place the district court in position to fulfill its appellate function, not as a device to avoid nontriable issues under usual Federal Rule of Civil Procedure 56 standards." *Walls v. Barnhart*, 296 F.3d 287, 289 n.2 (4th Cir. 2002). For example, "the denial of summary judgment accompanied by a remand to the Commissioner results in a judgment under sentence four of 42 U.S.C. § 405(g), which is immediately appealable." *Id.*

decision that she is not disabled. No hearing is necessary. L.R. 105.6. For the reasons that follow, Plaintiff's alternative motion for remand (ECF No. 16) is **GRANTED**.

# I

## **Background**

Plaintiff protectively filed applications for DIB and SSI on October 18, 2017, alleging disability beginning on October 13, 2017. R. at 17. After the Commissioner denied Plaintiff's claims initially and on reconsideration, she requested a hearing. R. at 17. On September 25, 2019, Administrative Law Judge ("ALJ") Carol Matula held a hearing where Plaintiff and a vocational expert ("VE") testified. R. at 34-58. The ALJ thereafter found on October 7, 2019, that Plaintiff was not disabled from October 13, 2017, through the date of the ALJ's decision. R. at 14-33. In so finding, the ALJ found that Plaintiff had not engaged in substantial, gainful activity since October 13, 2017, and that her obesity and major depressive disorder with psychosis were severe impairments. R. at 20-21. She did not, however, have an impairment or combination of impairments that met or medically equaled the severity of one of the impairments listed in 20 C.F.R. pt. 404, subpt. P, app. 1. R. at 21-22.

The ALJ then found that Plaintiff had the residual functional capacity ("RFC")

> to perform a range of light work. She can lift and carry up to 20 pounds occasionally and ten pounds frequently. She is able to stand and/or walk up to six hours and sit for six hours over the course of an eight-hour workday. She can occasionally balance and frequently stoop, kneel, crouch, crawl, and climb ramps or stairs. She is unable to climb ladders, ropes, or scaffolds. She can tolerate occasional exposure to dust, odors, fumes, pulmonary irritants, vibration, extremes of heat or cold, and hazards such as unprotected heights and moving mechanical parts. Mentally, she is capable of simple, routine tasks. She can tolerate frequent contact with the public[.]

R. at 22.[3]  In light of this RFC and the VE's testimony, the ALJ found that Plaintiff could perform her past relevant work as a deli/produce clerk.  R. at 27.  The ALJ thus found that Plaintiff was not disabled from October 13, 2017, through October 7, 2019.  R. at 27-28.

After the Appeals Council denied Plaintiff's request for review, Plaintiff filed on August 13, 2020, a complaint in this Court seeking review of the Commissioner's decision.  Upon the parties' consent, this case was transferred to a United States Magistrate Judge for final disposition and entry of judgment.  The case then was reassigned to the undersigned.  The parties have briefed the issues, and the matter is now fully submitted.

## II

## Disability Determinations and Burden of Proof

The Social Security Act defines a disability as the inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment that can be expected to result in death or that has lasted or can be expected to last for a continuous period of not less than twelve months.  42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A); 20 C.F.R. §§ 404.1505, 416.905.  A claimant has a disability when the claimant is "not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists . . . in significant numbers either in the region where such individual lives or in several regions of the country."  42 U.S.C. §§ 423(d)(2)(A), 1382c(a)(3)(B).

---

[3] "Light work involves lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds."  20 C.F.R. §§ 404.1567(b), 416.967(b).  "Even though the weight lifted may be very little, a job is in this category when it requires a good deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls."  *Id.*

To determine whether a claimant has a disability within the meaning of the Social Security Act, the Commissioner follows a five-step sequential evaluation process outlined in the regulations. 20 C.F.R. §§ 404.1520, 416.920; *see Barnhart v. Thomas*, 540 U.S. 20, 24-25, 124 S. Ct. 376, 379-80 (2003). "If at any step a finding of disability or nondisability can be made, the [Commissioner] will not review the claim further." *Thomas*, 540 U.S. at 24, 124 S. Ct. at 379; *see* 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4). The claimant has the burden of production and proof at steps one through four. *See Bowen v. Yuckert*, 482 U.S. 137, 146 n.5, 107 S. Ct. 2287, 2294 n.5 (1987); *Radford v. Colvin*, 734 F.3d 288, 291 (4th Cir. 2013).

First, the Commissioner will consider a claimant's work activity. If the claimant is engaged in substantial gainful activity, then the claimant is not disabled. 20 C.F.R. §§ 404.1520(a)(4)(i), 416.920(a)(4)(i).

Second, if the claimant is not engaged in substantial gainful activity, the Commissioner looks to see whether the claimant has a "severe" impairment, i.e., an impairment or combination of impairments that significantly limits the claimant's physical or mental ability to do basic work activities. *Pass v. Chater*, 65 F.3d 1200, 1203 (4th Cir. 1995); *see* 20 C.F.R. §§ 404.1520(c), 404.1522(a), 416.920(c), 416.922(a).[4]

Third, if the claimant has a severe impairment, then the Commissioner will consider the medical severity of the impairment. If the impairment meets or equals one of the presumptively disabling impairments listed in the regulations, then the claimant is considered disabled,

---

[4] The ability to do basic work activities is defined as "the abilities and aptitudes necessary to do most jobs." 20 C.F.R. §§ 404.1522(b), 416.922(b). These abilities and aptitudes include (1) physical functions such as walking, standing, sitting, lifting, pushing, pulling, reaching, carrying, or handling; (2) capacities for seeing, hearing, and speaking; (3) understanding, carrying out, and remembering simple instructions; (4) use of judgment; (5) responding appropriately to supervision, co-workers, and usual work situations; and (6) dealing with changes in a routine work setting. *Id.* §§ 404.1522(b)(1)-(6), 416.922(b)(1)-(6); *see Yuckert*, 482 U.S. at 141, 107 S. Ct. at 2291.

regardless of age, education, and work experience. 20 C.F.R. §§ 404.1520(a)(4)(iii), 404.1520(d), 416.920(a)(4)(iii), 416.920(d); *see Radford*, 734 F.3d at 293.

Fourth, if the claimant's impairment is severe, but it does not meet or equal one of the presumptively disabling impairments, then the Commissioner will assess the claimant's RFC to determine the claimant's "ability to meet the physical, mental, sensory, and other requirements" of the claimant's past relevant work. 20 C.F.R. §§ 404.1520(a)(4)(iv), 404.1545(a)(4), 416.920(a)(4)(iv), 416.945(a)(4). RFC is a measurement of the most a claimant can do despite his or her limitations. *Hines v. Barnhart*, 453 F.3d 559, 562 (4th Cir. 2006); *see* 20 C.F.R. §§ 404.1545(a)(1), 416.945(a)(1). The claimant is responsible for providing evidence the Commissioner will use to make a finding as to the claimant's RFC, but the Commissioner is responsible for developing the claimant's "complete medical history, including arranging for a consultative examination(s) if necessary, and making every reasonable effort to help [the claimant] get medical reports from [the claimant's] own medical sources." 20 C.F.R. §§ 404.1545(a)(3), 416.945(a)(3). The Commissioner also will consider certain non-medical evidence and other evidence listed in the regulations. *See id.* If a claimant retains the RFC to perform past relevant work, then the claimant is not disabled. *Id.* §§ 404.1520(a)(4)(iv), 416.920(a)(4)(iv).

Fifth, if the claimant's RFC as determined in step four will not allow the claimant to perform past relevant work, then the burden shifts to the Commissioner to prove that there is other work that the claimant can do, given the claimant's RFC as determined at step four, age, education, and work experience. *See Hancock v. Astrue*, 667 F.3d 470, 472-73 (4th Cir. 2012). The Commissioner must prove not only that the claimant's RFC will allow the claimant to make an adjustment to other work, but also that the other work exists in significant numbers in the

5

national economy.  *See Walls*, 296 F.3d at 290; 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v).  If the claimant can make an adjustment to other work that exists in significant numbers in the national economy, then the Commissioner will find that the claimant is not disabled.  If the claimant cannot make an adjustment to other work, then the Commissioner will find that the claimant is disabled.  20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v).

### III

### Substantial Evidence Standard

The Court reviews an ALJ's decision to determine whether the ALJ applied the correct legal standards and whether the factual findings are supported by substantial evidence.  *See Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996).  In other words, the issue before the Court "is not whether [Plaintiff] is disabled, but whether the ALJ's finding that [Plaintiff] is not disabled is supported by substantial evidence and was reached based upon a correct application of the relevant law."  *Id.*  The Court's review is deferential, as "[t]he findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive."  42 U.S.C. § 405(g).  Under this standard, substantial evidence is less than a preponderance but is enough that a reasonable mind would find it adequate to support the Commissioner's conclusion.  *See Hancock*, 667 F.3d at 472; *see also Biestek v. Berryhill*, 587 U.S. ___, 139 S. Ct. 1148, 1154 (2019).

In evaluating the evidence in an appeal of a denial of benefits, the court does "not conduct a *de novo* review of the evidence," *Smith v. Schweiker*, 795 F.2d 343, 345 (4th Cir. 1986), or undertake to reweigh conflicting evidence, make credibility determinations, or substitute its judgment for that of the Commissioner.  *Hancock*, 667 F.3d at 472.  Rather, "[t]he duty to resolve conflicts in the evidence rests with the ALJ, not with a reviewing court."  *Smith v.*

*Chater*, 99 F.3d 635, 638 (4th Cir. 1996).  When conflicting evidence allows reasonable minds to differ as to whether a claimant is disabled, the responsibility for that decision falls on the ALJ.  *Johnson v. Barnhart*, 434 F.3d 650, 653 (4th Cir. 2005) (per curiam).

## IV

### Discussion

Plaintiff contends that the ALJ erred at step four of the sequential evaluation process by failing to resolve an apparent conflict between the VE's testimony and the *Dictionary of Occupational Titles*[5] (the "DOT") regarding her past relevant work as a deli/produce clerk.  Pl.'s Mem. Supp. Mot. Summ. J. 9-14, ECF No. 16-2.  She also argues that substantial evidence does not support the ALJ's RFC assessment.  *Id.* at 15-28.  For the reasons discussed below, the Court remands this case for further proceedings.

### A.   Plaintiff's Past Relevant Work

Plaintiff first argues that remand is warranted under Social Security Ruling[6] ("SSR") 00-4p, 2000 WL 1898704 (Dec. 4, 2000), because the VE's testimony did not provide substantial evidence that she could perform the requirements of her past relevant work as a deli/produce

---

[5] "The Social Security Administration has taken administrative notice of the *Dictionary of Occupational Titles*, which is published by the Department of Labor and gives detailed physical requirements for a variety of jobs."  *Massachi v. Astrue*, 486 F.3d 1149, 1152 n.8 (9th Cir. 2007); *see Pearson v. Colvin*, 810 F.3d 204, 205 n.1 (4th Cir. 2015); *DeLoatche v. Heckler*, 715 F.2d 148, 151 n.2 (4th Cir. 1983); 20 C.F.R. §§ 404.1566(d)(1), 416.966(d)(1).  "Information contained in the [*Dictionary of Occupational Titles*] is not conclusive evidence of the existence of jobs in the national economy; however, it can be used to establish a rebuttable presumption."  *English v. Shalala*, 10 F.3d 1080, 1085 (4th Cir. 1993).

[6] Social Security Rulings are "final opinions and orders and statements of policy and interpretations" that the Social Security Administration has adopted.  20 C.F.R. § 402.35(b)(1).  Once published, these rulings are binding on all components of the Social Security Administration.  *Heckler v. Edwards*, 465 U.S. 870, 873 n.3, 104 S. Ct. 1532, 1534 n.3 (1984); 20 C.F.R. § 402.35(b)(1).  "While they do not have the force of law, they are entitled to deference unless they are clearly erroneous or inconsistent with the law."  *Pass*, 65 F.3d at 1204 n.3.

clerk as it is generally performed in the national economy.  Pl.'s Mem. Supp. Mot. Summ. J. 11, 14, ECF No. 16-2.  As noted in Part II above, the Commissioner bears the burden at the final step of the five-step sequential evaluation process used to evaluate a claimant's disability claim.  *Pearson*, 810 F.3d at 207.  To determine whether sufficient other work exists for the claimant in the national economy, the ALJ relies primarily on the DOT.  *Id.*  The ALJ may also use a VE "to address complex aspects of the employment determination, including the expert's observations of what a particular job requires in practice or the availability of given positions in the national economy."  *Id.*  SSR 00-4p requires that the ALJ inquire, on the record, whether the VE's testimony conflicts with the DOT, and also requires that the ALJ elicit a reasonable explanation for and resolve conflicts between the VE's testimony and the DOT.  *Id.* at 207-08 (citing SSR 00-4p, 2000 WL 1898704 (Dec. 4, 2000), at *2).  The ALJ must, by determining if the VE's explanation is reasonable, resolve conflicts before relying on the VE's evidence to support a determination or decision about whether the claimant is disabled.  *Id.* at 208 (citing same).

      An ALJ has not fulfilled his affirmative duty merely because the VE responds "yes" when asked if his testimony is consistent with the DOT.  *Id.*  Rather, the ALJ independently must identify apparent conflicts between the VE's testimony and the DOT.  *Id.* at 209.  "[I]n many cases, testimony may only *appear* to conflict with the [DOT], and the [VE] may be able to explain that, in fact, no conflict exists."  *Id.*  A VE's testimony that apparently conflicts with the DOT "can only provide substantial evidence if the ALJ has received this explanation from the expert and determined that the explanation is reasonable and provides a basis for relying on the testimony rather than the [DOT]."  *Id.* at 209-10 (citing SSR 00-4p, 2000 WL 1898704, at *2).

      Here, the VE testified that an individual limited to, among other things, light work and only occasional exposure to moving mechanical parts could perform Plaintiff's past work as a

deli/produce clerk as customarily performed. R. at 53. The ALJ in her decision determined that Plaintiff could, among other things, tolerate occasional exposure to hazards such as moving mechanical parts. R. at 22. The ALJ then found that Plaintiff could perform her past relevant work as a deli/produce clerk as generally performed in the national economy. R. at 27 (citing DOT 316.684-014, 1991 WL 672744 (listed as "deli cutter-slicer")).

> The DOT describes the following duties of a deli cutter-slicer:
>
> Cuts delicatessen meats and cheeses, using slicing machine, knives, or other cutters: Places meat or cheese on cutting board and cuts slices to designated thickness, using knives or other hand cutters. Positions and clamps meat or cheese on carriage of slicing machine. Adjusts knob to set machine for desired thickness. Presses button to start motor that moves carriage past rotary blade that slices meats and cheeses. Stacks cut pieces on tray or platter, separating portions with paper. May weigh and wrap sliced foods and affix sticker showing price and weight.

DOT 316.684-014, 1991 WL 672744. The DOT's companion publication, the *Selected Characteristics of Occupations Defined in the Revised Dictionary of Occupational Titles* (the "SCO"), "explains the physical and environmental demands of each job listed in the DOT, including whether a job involves proximity to moving mechanical parts. The SCO entry for deli cutter-slicer shows exposure to mechanical moving parts is 'Not Present—Activity or condition does not exist.'" *Montez v. Berryhill*, No. 3:17-cv-05485-DWC, 2018 WL 345817, at *2 (W.D. Wash. Jan. 10, 2018) (citation omitted). According to Plaintiff, however, the job of deli cutter-slicer entails frequent exposure to "other environmental conditions" under the SCO, which apparently conflicts with her RFC to no more than occasional exposure to hazards. Pl.'s Mem. Supp. Mot. Summ. J. 12-13, ECF No. 16-2.

Plaintiff's argument fails because "the SCO does not indicate that the use of a slicing machine, knives or cutters constitutes exposure to hazards." *Montez*, 2018 WL 345817, at *3 (citing 1991 WL 672744). Moreover, the DOT and SCO "indicate a deli cutter-slicer job does

9

not involve proximity to moving mechanical parts, defined as '[e]xposure to possibly bodily injury from moving mechanical parts of equipment, tools, or machinery.'" *Id.* (alteration in original).

> While the deli cutter-slicer job may involve the use of some type of machinery such as a deli slicing machine, the DOT and SCO have classified such machinery as not dangerous, and therefore, the deli cutter-slicer job does not necessarily require concentrated exposure to dangerous moving machinery precluded by Plaintiff's RFC.

*Id.* "Thus, the VE's testimony in response to the ALJ's hypothetical question does not create a material conflict with the DOT . . . ." *Id.* Plaintiff's argument in this regard is thus unavailing.

### B. Plaintiff's Symptoms

Plaintiff next contends that substantial evidence does not support the ALJ's RFC assessment because "the ALJ 'applied an incorrect legal standard' in discrediting [her] alleged limitations and the third party observations of her symptoms based on the lack of objective evidence corroborating them." Pl.'s Mem. Supp. Mot. Summ. J. 18, ECF No. 16-2 (quoting *Arakas v. Comm'r, Soc. Sec. Admin.*, 983 F.3d 83, 107 (4th Cir. 2020)).

The Fourth Circuit recently reiterated the standard used by ALJs to evaluate a claimant's symptoms:

> When evaluating a claimant's symptoms, ALJs must use the two-step framework set forth in 20 C.F.R. § 404.1529 and SSR 16-3p, 2016 WL 1119029 (Mar. 16, 2016). First, the ALJ must determine whether objective medical evidence presents a "medically determinable impairment" that could reasonably be expected to produce the claimant's alleged symptoms.
>
> Second, after finding a medically determinable impairment, the ALJ must assess the intensity and persistence of the alleged symptoms to determine how they affect the claimant's ability to work and whether the claimant is disabled. At this step, objective evidence is *not* required to find the claimant disabled. SSR 16-3p recognizes that "[s]ymptoms cannot always be measured objectively through clinical or laboratory diagnostic techniques." Thus, the ALJ must consider the entire case record and may "not disregard an individual's statements

>about the intensity, persistence, and limiting effects of symptoms solely because the objective medical evidence does not substantiate" them.

*Arakas*, 983 F.3d at 95 (alteration in original) (citations omitted). "However, while a lack of corroborating objective evidence may not be the *sole* reason an ALJ discounts a claimant's complaints, it is generally appropriate for an ALJ to consider inconsistencies between a claimant's complaints and the available objective evidence." *Kenneth L. v. Kijakazi*, Civil No. SAG-20-624, 2021 WL 4198408, at *3 (D. Md. Sept. 15, 2021) (Gallagher, J.) (citing 20 C.F.R. § 416.929).

Here, the ALJ found that Plaintiff's "medically determinable impairments could reasonably be expected to cause the alleged symptoms; however, [her] statements concerning the intensity, persistence and limiting effects of these symptoms are not entirely consistent with the medical evidence and other evidence in the record for the reasons explained in this decision." R. at 26. As noted above, there does not need to be objective evidence of the claimant's pain itself or its intensity. *Arakas*, 983 F.3d at 95. Rather, the claimant is entitled to rely exclusively on subjective evidence to prove the second part of the test above. *Id.* In other words, "disability claimants are entitled to rely exclusively on subjective evidence to prove the severity, persistence, and limiting effects of their symptoms." *Id.* at 98. "Thus, [the ALJ] 'improperly increased [Plaintiff's] burden of proof' by effectively requiring her subjective descriptions of her symptoms to be supported by objective medical evidence." *Id.* at 96 (quoting *Lewis v. Berryhill*, 858 F.3d 858, 866 (4th Cir. 2017)). Moreover, to the extent that the ALJ stated that she considered other evidence, "ALJs apply an incorrect legal standard by requiring objective evidence of symptoms even when they also consider other evidence in the record." *Id.* at 97.

> The ALJ in her decision stated that she had
>
>> considered the Third Party Function Report that [Plaintiff's] daughter submitted. The undersigned considered this statement, but is mindful that it is a lay opinion based upon casual observation, rather than objective medical examination and testing.  Further, it is potentially influenced by loyalties inherent in the relationship between mother and child.  Her statements essentially reaffirm the description of limitations that [Plaintiff] provided in disability filings and at the hearing.  However, the undersigned has relied on observations from [Plaintiff's] treatment providers in assessing [Plaintiff's] functional work capabilities.
>
> R. at 26 (citation omitted).

"[I]f family members' evidence *was* automatically worthless, it would be an odd exercise in futility to even allow them to fill out questionnaires and submit them into evidence." *Morgan v. Barnhart*, 142 F. App'x 716, 731 (4th Cir. 2005) (Gregory, J., concurring in part and dissenting in part).  "Lay testimony as to a claimant's symptoms is competent evidence that an ALJ must take into account, unless he or she expressly determines to disregard such testimony and gives reasons germane to each witness for doing so."  *Diedrich v. Berryhill*, 874 F.3d 634, 640 (9th Cir. 2017) (quoting *Lewis v. Apfel*, 236 F.3d 503, 511 (9th Cir. 2001)).  The personal relationship of a lay witness with the claimant "is not a valid reason to discount his observations.  To do so 'contradicts our insistence that, regardless of whether they are interested parties, friends and family members in a position to observe a claimant's symptoms and daily activities are competent to testify as to his or her condition.'"  *Id.* (quoting *Valentine v. Comm'r Soc. Sec. Admin.*, 574 F.3d 685, 694 (9th Cir. 2009)).  "The fact that a lay witness is a family member cannot be a ground for rejecting his or her testimony.  To the contrary, testimony from lay witnesses who see the claimant every day is of particular value . . . ."  *Smolen v. Chater*, 80 F.3d 1273, 1289 (9th Cir. 1996).  The close relationship of the third-party witness in this case thus is not a germane reason to discount the weight of her observations.  *See Diedrich*, 874 F.3d at 640.

A lack of support from the overall medical evidence is also not a proper basis for disregarding the observations of these witnesses. *Id.* "The fact that lay testimony and third-party function reports may offer a different perspective than medical records alone is precisely why such evidence is valuable at a hearing." *Id.* (citing *Smolen*, 80 F.3d at 1289). Thus, "[a] lack of support from medical records is not a germane reason to give 'little weight' to those observations." *Id.* Remand is warranted for the ALJ to provide reasons germane to the third-party witness for disregarding her testimony.

**C.     Opinion Evidence**

Last, Plaintiff underwent a consultative psychological evaluation with Tyler Calabrese, Psy.D., on January 11, 2018. R. at 583-89. Dr. Calabrese opined that Plaintiff could, among other things, sustain sufficient concentration to perform simple tasks in a static work environment. R. at 25, 583. She could also tolerate occasional, superficial contact with co-workers and supervisors and occasional contact with the public. R. at 25, 583. Dr. Calabrese also opined that Plaintiff had a "moderate limitation" in her ability to interact socially and to adapt to stressors in a work environment. R. at 25, 583. The VE testified that the job of deli/produce clerk requires frequent, not merely occasional, contact with the public. R. at 54. The ALJ stated in her decision that she

> agrees that [Plaintiff] is capable of simple tasks, but otherwise finds Dr. Calabrese's opinion minimally persuasive because it is inconsistent with [Plaintiff's] presentation and performance described in the evaluation report. For example, the undersigned notes that Dr. Calabrese described [Plaintiff] as "cordial and cooperative" and "friendly and polite." Thus, the opinion that [Plaintiff] has "moderate limitation" in her ability to interact socially is not supported by Dr. Calabrese's own observations, and the undersigned sees no reason that she could not tolerate frequent contact with the public. The undersigned also notes that [Plaintiff] maintained "a good attitude regarding testing." This is not consistent with the opinion that [Plaintiff] has "moderate limitation" in responding to routine stressors and could be expected to decompensate, as she was capable of completing the interview and testing with "a good attitude."

R. at 25. Plaintiff maintains that "the ALJ's selective discussion of evidence runs afoul of the Fourth Circuit's recognition that an ALJ must not 'select and discuss only that evidence that favors [her] ultimate conclusion.'" Pl.'s Mem. Supp. Mot. Summ. J. 23, ECF No. 16-2 (alteration in original) (quoting *Hines*, 453 F.3d at 566).

Every conclusion reached by an ALJ when evaluating a claimant's RFC must be accompanied by a narrative discussion describing the evidence that supports it. *Dowling v. Comm'r of Soc. Sec. Admin.*, 986 F.3d 377, 387 (4th Cir. 2021). In this regard, "[a]n ALJ has the obligation to consider all relevant medical evidence and cannot simply cherrypick facts that support a finding of nondisability while ignoring evidence that points to a disability finding." *Lewis*, 858 F.3d at 869 (alterations in original) (quoting *Denton v. Astrue*, 596 F.3d 419, 425 (7th Cir. 2010) (per curiam)). "But an ALJ need not mention every piece of evidence, so long [as] he builds a logical bridge from the evidence to his conclusion." *Denton*, 596 F.3d at 425; *accord Monroe v. Colvin*, 826 F.3d 176, 189 (4th Cir. 2016); *Reid v. Comm'r of Soc. Sec.*, 769 F.3d 861, 865 (4th Cir. 2014).

Here, the ALJ found Dr. Calabrese's opinions to be "minimally persuasive" because the ALJ found the psychologist's opinions regarding Plaintiff's moderate limitations to be inconsistent with the psychologist's observations that she was cordial, cooperative, friendly, and polite and that she had a good attitude regarding testing. R. at 25, 583, 586. Again, substantial evidence means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Biestek*, 139 S. Ct. at 1154. As Plaintiff points out, "[t]o isolate just one variable out of context and use it as a basis to discredit the conclusion of a medical professional is equivalent to the ALJ 'playing doctor.'" *Howard v. Saul*, 408 F. Supp. 3d 721, 731 (D.S.C. 2019) (quoting *Lewis*, 858 F.3d at 869). "Just as an ALJ may not point to one healthy tissue of a

14

claimant's lung and conclude that a physician's diagnosis of black lung is unsupported, she may not point to a functioning mental process as evidence that a psychologist's opinion is incorrect." *Id.* In short, the ALJ "must *both* identify evidence that supports [her] conclusion *and* 'build an accurate and logical bridge from [that] evidence to [her] conclusion.'" *Woods v. Berryhill*, 888 F.3d 686, 694 (4th Cir. 2018) (second alteration in original) (quoting *Monroe*, 826 F.3d at 189). An ALJ's failure to do so constitutes reversible error. *Lewis*, 858 F.3d at 868. The Court thus remands this case for further proceedings for this reason as well. On remand, the ALJ must also address and consider Dr. Calabrese's opinion that Plaintiff could only tolerate occasional, superficial contact with co-workers and supervisors (R. at 583), which according to the VE would preclude Plaintiff's past relevant work as a deli/produce clerk (R. at 55).

Because the Court remands this case on other grounds, the Court need not address Plaintiff's remaining arguments. In any event, the ALJ also should address these other issues raised by Plaintiff. *See Tanner v. Comm'r of Soc. Sec.*, 602 F. App'x 95, 98 n.* (4th Cir. 2015) (per curiam) ("The Social Security Administration's Hearings, Appeals, and Litigation Law Manual 'HALLEX' notes that the Appeals Council will vacate the entire prior decision of an administrative law judge upon a court remand, and that the ALJ must consider de novo all pertinent issues.").

## V

### Conclusion

For the reasons stated above, Defendant's Motion for Summary Judgment (ECF No. 19) is **DENIED**. Plaintiff's Motion for Summary Judgment (ECF No. 16) is **DENIED**. Plaintiff's alternative motion for remand (ECF No. 16) is **GRANTED**. Defendant's final decision is

**REVERSED** under the fourth sentence of 42 U.S.C. § 405(g). This matter is **REMANDED** for further proceedings consistent with this opinion. A separate order will issue.

Date: October 12, 2021                                /s/
                                         Thomas M. DiGirolamo
                                         United States Magistrate Judge